UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRIAN SURDYKE, )
)
        Plaintiff, )
)
   vs. ) No. 4:05-CV-784 (CEJ)
)
LARRY CRAWFORD, )
Director of the Missouri )
Department of Corrections, )
STEVE LONG and JAMES PURKETT )
)
        Defendants. )

**MEMORANDUM AND ORDER**

    This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.

    Plaintiff Brian Surdyke is an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. He seeks monetary, declaratory, and injunctive relief against defendants, pursuant to 42 U.S.C. § 1983, for the alleged violation of his First Amendment rights in regard to the mail room policy of the Missouri Department of Corrections ("DOC"). Defendant Larry Crawford is the director of the DOC. Defendant Steve Long is Assistant Director and Zone Director for the ERDCC. Defendant James Purkett is the superintendent of the ERDCC. Plaintiff sues defendants in their individual and official capacities.

    Plaintiff alleges that, pursuant to DOC policy, defendants have denied his receipt of a book that was purchased as a gift for him and mailed directly from Amazon.com. In their answer, defendants

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Long and Purkett assert seven affirmative defenses, including the defense of qualified immunity. Defendants Crawford, Long, and Purkett now argue that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted and because they have Eleventh Amendment immunity in their official capacities. They also argue that defendant Crawford should be dismissed because plaintiff has not stated a claim against him in accordance with Rule 8(a)(2), Fed. R. Civ. P.

**I.  Background**

Plaintiff states that he is in prison for a "drug addiction offense." He states that the book at issue, titled "Addiction & Grace," is a "soft back" rehabilitation book that his family bought as a gift for him through Amazon.com. Amazon.com sent the book directly to plaintiff at the ERDCC. Plaintiff alleges that Amazon.com has merged with Waldenbooks, a DOC approved vendor. On December 16, 2004, plaintiff received an "Unauthorized Property Notice" from the ERDCC mail room stating that he had received an item that he is not authorized to keep. The notice identifies the item as a book from Amazon.com that is not from an approved vendor and of which the offender did not pay for from his account. The notice further gives plaintiff until December 16, 2005, to remove the item from the institution.

Plaintiff filed an informal resolution request ("IRR") with prison officials on December 21, 2004. He stated that the mail room's refusal to allow him to receive free and gift publications

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

violated his First Amendment rights. As a remedy, he sought permission to have the book. He also wanted his administrative remedies to be exhausted. Plaintiff attached a complaint to the IRR that quoted letters, dated for 2002, sent on behalf of the American Civil Liberties Union ("ACLU") questioning the DOC's policy on free and gift publication and citing various case law.

On December 30, 2004, Clarence Hamlin responded to plaintiff's IRR on behalf of the DOC. In his memorandum, Hamlin states that, pursuant to policy, plaintiff was only allowed to purchase items from approved vendors with funds from his account. If this policy is not followed, plaintiff is not allowed the items. Hamlin's memo further states that "offenders are not allowed to receive free items from outside sources. The book in question was sent to you by an outside source and was not from an approved vendor." Hamlin gave plaintiff the options of sending the book out of the institution at plaintiff's expense, allowing the institution to dispose of the item, or sending the book out on a visiting day.

Plaintiff repeated his complaints in an offender grievance filed with the DOC on January 14, 2005. Defendant Purkett responded to plaintiff's grievance on behalf of the DOC. He concurred with Hamlin's response to the IRR. Purkett added: "Offender Mail Procedures states [sic] in part, 'All packages received for delivery to offenders must be from an approved vendor. Offenders must complete a green check and have approved by the appropriate staff person and copy of the approved order will then be sent to the property room for verification of order." Purkett denied the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

grievance and stated that the book would be held for the duration of plaintiff's grievance procedure.

On February 7, 2005, plaintiff filed an offender grievance appeal. Plaintiff repeated the allegations that his First Amendment rights had been violated.[1] Plaintiff again sought receipt of the book "Addiction & Grace" as a remedy. Defendant Long responded to plaintiff's grievance appeal on March 16, 2005. In denying plaintiff's appeal, Long stated:

> Per IS22-1.2, Offender Property Control, the offender may purchase items listed on the authorized property list not sold in the canteen from an approved commercial vender [sic]. The only exception is magazines and newspaper subscriptions, which may be purchased by family or friends. This book was not purchased by you in accordance with IS22-1.2 therefore it will not be given to you. You are required to send the book out of the institution through a visit or mail it out (at your expense), or have it disposed of.

In his complaint, plaintiff quotes two letters, in their entirety, written by ACLU law clerk Waseem Karim to Donna Coleman, DOC general counsel. He also attached the letters and Coleman's facsimile response to the complaint. In a letter dated June 27, 2002, Karim expressed concern that DOC policy "may deny inmates the ability to receive free publications or 'gift publications' purchased for the inmate by others, implicating the inmates' rights under the First Amendment." Karim stated the ACLU's concern stemmed

---

[1] He also alleged that Stan Payne, an ERDCC staff member, "deliberately changed and falsified state documents" and violated his Fifth and Fourteenth Amendment due process rights. Plaintiff alleges that Payne changed the number on his grievance from "ERDCC-04-3356" to "ERDCC-04-3353" to prevent plaintiff from exhausting his administrative remedies. This allegation is not repeated in the complaint plaintiff filed in this Court.

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from reports that inmates at the Jefferson County Correctional Center were being denied publications because they were not paid for from the inmates' accounts.  Karim cited Turner v. Safley, 482 U.S. 78 (1987), for the proposition that "restrictions on inmates' incoming mail must be reasonably related to a legitimate penological objective, lest the regulation violate the inmates' First Amendment rights."  He cited Crofton v. Roe, 170 F.3d 957 (9th Cir. 1999) for the proposition that a blanket prohibition on free publications or those purchased for the inmates by others was not reasonably related to a penological interest.

On July 9, 2002, Donna J. Henson, a DOC legal administrative assistant, faxed Karim a directive from George Lombardi, whose title is unidentified.  The directive states "Free magazine/publications addressed to the individual offender are to be allowed if they meet censorship regulations (2/18/99 DAI STAFF MTG)."  In a letter dated July 17, 2002, Karim thanked DOC general counsel Donna Coleman for her July 1, 2002, letter stating that inmates were allowed to receive free and gift publications that met censorship requirements.  Karim also expressed concern that the policy was not being upheld.  He requested to know within two weeks how Coleman intended to make sure the polices would be upheld.  Plaintiff did not quote or include a copy of the July 1, 2002, letter in the complaint.  Neither did plaintiff include correspondence showing whether the DOC responded to Karim's July 17, 2002, request.

On May 16, 2005, plaintiff filed his complaint in this Court.  Plaintiff seeks $25,000 in damages from each defendant.  He also

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

seeks punitive damages of $1 million from all three defendants. Plaintiff seeks to have defendants reimburse him for his filing fees and court expenses. He further seeks the return of his book to him.

**II. Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. United States v. Mississippi, 380 U.S. 128, 143 (1965). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**III. Discussion**

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants present three arguments in their joint motion to dismiss: (1) that plaintiff has failed to state a claim for which relief can be granted; (2) that plaintiff's claims for damages are subject to Eleventh Amendment immunity; and (3) that defendant Crawford should be dismissed because plaintiff has not made any allegations against him.

The Supreme Court has acknowledged a "First Amendment right to 'receive information and ideas,' and that freedom of speech 'necessarily protects the right to receive.'" Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 757 (1976)(quoting Kleindienst v. Mandel, 408 U.S. 753, 762-63 (1972)). This right includes the right to receive mail. Prisoners retain their Constitutional rights with some limitations due to the needs of the penal system. Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004). Where a prison regulation restricts a prisoner's constitutional rights, it is valid if it is 'reasonably related to legitimate penological interests.'" Id. (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). See also Thornburgh v. Abbott, 490 U.S. 401, 409 (1989)(stating that the actions of prison officials are held to this standard).

"Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution."[2] Collins v. City of Harker Heights, Tex., 503 U.S.

---

[2]In relevant part, § 1983 states:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

115, 120 (1992). In his complaint, plaintiff alleges that defendants acted in violation of his First Amendment rights when they denied him receipt of a book that was sent to him through the mail. He alleges that defendants based their decision not to allow him the book on DOC policies IS13-1.1 and IS22-1.2. He also alleges that these policies are unconstitutional. He further presents correspondence between the ACLU and the DOC that suggests that DOC policy permits inmates to receive gift publications as long as they meet censorship requirements.

The Court will deny defendants' motion to dismiss as to the argument that plaintiff has failed to state a claim for which relief can be granted. Plaintiff asserts his First Amendment right to receive mail and alleges that there is not a penological interest in denying him the receipt of the book "Addiction & Grace." He also presents evidence suggesting that the DOC has a policy to allow inmates to receive free and gift publications within censorship guidelines, but does not uphold it. Equitable relief is available to remedy plaintiff's issues. Thus, the face of plaintiff's complaint states a claim for which relief can be granted.

The Court will now discuss the application of Eleventh Amendment immunity to defendants. "[A] state official is immune

---

causes to be subjected, any citizen of the United or other
person within the jurisdiction thereof to the deprivation of
any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured
in an action at law, suit in equity, or other proper
proceeding for redress.
42 U.S.C. § 1983.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

from suit in federal court for actions taken in an official capacity." California v. Deep Sea Research, Inc., 523 U.S. 491, 502 (1998)(citations omitted). He is also immune insofar as plaintiffs seek monetary damages against him in his individual capacity for his official actions. Ayers v. Reynolds, 60 F.3d 830, 1995 WL 386435 (8th Cir. 1995) (per curiam) ("[A]bsolute immunity shields government officials from claims for damages against them in their individual capacities on account of their official actions."). Here, plaintiff names defendants in both their individual and official capacities. The Court will grant defendants' motion to dismiss insofar as plaintiff sues them in their official capacity and insofar as plaintiff seeks monetary damages. However, defendants are not immune insofar as plaintiff seeks equitable relief against them in their individual capacities.

Finally, defendants argue that defendant Crawford should be dismissed because plaintiff did not state allegations against him as required by Rule 8(a)(2). Rule 8(a)(2), Fed. R. Civ. P., requires a claimant to include in the pleading "a short and plain statement of the claim showing that the pleader is entitled to relief." In his response, plaintiff argues that defendant Crawford, as director of the DOC, is responsible for all policies and procedures that govern offenders and staff.

The Court finds that plaintiff has failed to make any specific allegation of harm against defendant Crawford. In the complaint, plaintiff separately names each individual defendant and their

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

individual positions. Throughout the remainder of the complaint, he refers to them collectively as "Defendants." However, in his statement of facts, he specifically mentions responses he received from defendants Purkett and Long in regard to his grievance and grievance appeal. There is no specific reference to defendant Crawford's actions anywhere in the complaint. Thus, defendant Crawford will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed with respect to defendant Crawford.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed insofar as it names defendants Long and Purkett in their official capacities, and insofar as it seeks monetary damages against defendants Long and Purkett in their individual capacities for their official actions.

```
                                   _____
                                   CAROL E. JACKSON
                                   UNITED STATES DISTRICT JUDGE
```

Dated this 31st day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com