UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| BRIAN SURDYKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-784 (CEJ) |
| | ) |
| LARRY CRAWFORD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Steve Long and James Purkett for summary judgment and plaintiff's cross-motion for summary judgment. The issues are fully briefed.

Plaintiff Brian Surdyke brings this action pursuant to 42 U.S.C. § 1983, claiming violation of his right to free speech under the First Amendment. The plaintiff alleges that the violation occurred while he was incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Defendant Long is the assistant director and zone director of the ERDCC and defendant Purkett is its superintendent.

Plaintiff alleges that defendants, acting pursuant to Missouri Department of Corrections ("DOC") policy, denied his receipt of a book that was purchased for him as a gift and that was mailed directly to him by the vendor. Defendants contend that the policy is reasonably related to legitimate penological interests and does not violate plaintiff's First Amendment rights. Defendants also assert that they are protected by the doctrines of respondeat superior and qualified immunity. Finally, defendants argue that

this action should be dismissed because plaintiff has failed to exhaust his administrative remedies.

**I. Background**

In 2004, the Missouri Department of Corrections (MDOC) had in effect procedures governing inmates' receipt of mail and property. Procedure IS22-1.2 established two means by which an inmate could obtain items on his authorized property list: he could purchase the item from the prison canteen or, if the item was not available in the canteen, he could submit a request to purchase the item from an approved commercial vendor. The procedure required that the inmate pay for the item from his prison account, and that the item be sent directly from the approved vendor. The procedure further provided that "[t]he item must be new and in original packaging" and that "the return address on all packages must clearly establish the package source as the vendor as should the wrapping of the items within." IS22-1.2(F)(2)(d) and (e). The effect of the procedures was to prohibit inmates from receiving items sent to them directly by their families.

All packages sent to inmates were first inspected by a property officer who would determine whether or not the item was allowable under the procedures. If was determined that the package does not comply with the procedures, delivery would be withheld and the inmate would be given notice. The inmate could either challenge the determination through the grievance procedure or make arrangements for the item's return or disposal.

According to Terry Moore, the director of the Missouri Division of Adult Institutions, the MDOC procedures are designed to:

> (1) ensure prison staff that inmates are only purchasing items they are allowed to have in their possession;
>
> (2) ensure that the items are being sent from a legitimate source;
>
> (3) prevent contraband from entering the prison; and
>
> (4) prevent an inmate from having another inmate's family send items to him as payment for his fellow inmate's debt.

On December 16, 2004, plaintiff was notified by ERDCC staff that he had received a book that he was not authorized to keep. The book had been purchased by plaintiff's stepmother and mailed to plaintiff directly from Amazon.com. The "Unauthorized Property Notice" informed plaintiff that he could not keep the book because it had come from an unauthorized vendor and because he had not paid for it from his account. The notice gave plaintiff a deadline of February 15, 2005, by which to dispose of the item, either by donating it to the institution or by mailing it, at his expense, to an address of his choice.

Plaintiff filed an Informal Resolution Request ("IRR") on December 21, 2004, asserting that he had a right under the First Amendment to receive free and gift publications. On December 30, 2004, Clarence Hamlin, a housing unit caseworker, responded to the IRR. In the response, Hamlin wrote that plaintiff was allowed to make purchases only from approved vendors and only by using money taken from his account, and that plaintiff was not allowed to

receive free items (*i.e.*, the book from Amazon.com) from outside sources. Hamlin gave plaintiff the option of sending the book out of the institution at plaintiff's own expense, sending the book out on a visiting day, or allowing the institution to dispose of the item.

Plaintiff next filed a grievance against defendant Purkett, Hamlin and members of the ERDCC mail room. Purkett responded, stating that the actions of the mail room staff were in compliance with DOC policies. Defendant Purkett referred plaintiff to Procedure IS13-1.1 which provides, in part, "All packages received for delivery to offenders must be from an approved vendor." He also wrote in the response that plaintiff's book would be held while the grievance procedure was pending.

Plaintiff appealed the denial of his grievance, arguing again that the prison staff's actions violated his First Amendment rights. Plaintiff again sought receipt of the book as a remedy. Defendant Long responded to plaintiff's grievance appeal on March 16, 2005. In denying plaintiff's appeal, Long wrote:

> Per IS22-1.2, Offender Property Control, the offender may purchase items listed on the authorized property list not sold in the canteen from an approved commercial vender [sic]. The only exception is magazines and newspaper subscriptions, which may be purchased by family or friends. This book was not purchased by you in accordance with IS22-1.2 therefore it will not be given to you. You are required to send the book out of the institution through a visit or mail it out (at your expense), or have it disposed of.

In the instant action, plaintiff contends that no penological interest is served by denying him access to the book. He seeks a declaratory judgment that the policies relied upon by defendants violate the First Amendment, an injunction requiring the DOC to rewrite the policies. Finally, plaintiff seeks compensatory and punitive damages. Because plaintiff believes that the book has now been destroyed by ERDCC officials, he no longer seeks its return.

**II. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. Agristor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a

genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Citrate, 477 U.S. 317, 322 (1986).

## III. Discussion

Defendants argue that plaintiff failed to fully exhaust his administrative remedies and therefore his complaint should be dismissed with prejudice. Defendants contend that, because plaintiff failed to name defendant Long in his grievances, his claims against Long must be dismissed, relying on Dashley v. Correctional Medical Services, Inc., 345 F.Supp.2d 1018, 1024 (E.D. Mo. 2004). Defendants assert that, because plaintiff did not exhaust his administrative remedies as to Long, the entire complaint must be dismissed under 42 U.S.C. § 1997e(a), which requires total exhaustion of all available administrative remedies.

Defendants' argument is precluded by a recent decision of the United States Supreme Court. In Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 922 (Jan. 22, 2007), the Court stated that "nothing in the statute imposes a 'name all defendants' requirement." The Supreme Court specifically overruled the Sixth Circuit Court of Appeals decision relied upon in Dashley.

The Court finds that plaintiff adequately exhausted his administrative remedies prior to filing the present action.

Plaintiff filed an IRR, complete with a description of his First Amendment claim. His grievance form likewise described his claims and specifically named the ERDCC superintendent (Purkett) and members of the mail room. His grievance was denied by defendant Purkett and his subsequent appeal was denied by defendant Long. Plaintiff followed the necessary steps to put defendants on notice of his claims.

The Court will now turn to whether summary judgment is appropriate on plaintiff's claim that defendants, by refusing to deliver the book to plaintiff, violated the First Amendment. Here, the undisputed facts show that prison policy prohibited plaintiff from receiving packages from non-approved vendors. Plaintiff admitted in his deposition that he was familiar with the policy. It is further undisputed that the book was shipped directly to plaintiff from Amazon.com which was not an approved vendor.[1] Finally, plaintiff admits that he was familiar with the list of approved vendors. The question is whether the policy conforms to constitutional requirements. This is purely a legal question, and the issue is therefore appropriate for summary judgment.

Prison inmates retain First Amendment rights. See Davis v. Norris, 249 F.3d 800 (8th Cir. 2001). Indeed, "prisoners' First

---

[1] Plaintiff claims that Amazon.com merged with either Waldenbooks or Barnes & Noble, both approved vendors. Therefore, plaintiff believes that Amazon.com would be an approved vendor. However, plaintiff admits that this merger, if it occurred, took place after the incident in question in this matter. Therefore, there is no dispute that, at the time plaintiff received the book Amazon.com was not an approved vendor.

Amendment rights encompass the right to be free from certain interference with mail correspondence." Id. at 801. However, such rights "may be circumscribed if legitimate penological objectives outweigh preservation of [the] rights." Id. In balancing these sometimes competing concerns, consideration is given to several factors: (a) whether there is a valid and rational connection between the prison regulation and the legitimate government interest used to justify it; (b) whether alternate means of exercising the right remain open; (c) what impact accommodation of the right would have on prison guards and other inmates; and (d) whether alternative means by which the prison could serve its interests without infringing on constitutional rights. Turney v. Safley, 482 U.S. 78, 89-91 (1987). However, a court cannot "substitute [its] judgment on difficult and sensitive matters of institutional administration for the determinations of those charged with the formidable task of running a prison." O'Lone v. Estate of Shabazz, 482 U.S. 342, 352 (1987).

The Court concludes that the policy prohibiting packages from non-approved vendors is reasonably related to legitimate penological interests. As enunciated by the director of the Missouri Division of Adult Institutions, the policy helps prison staff ensure that the items being purchased and sent to inmates are in fact items that inmates are permitted to have. It also helps ensure that packages are coming from a legitimate source, thus decreasing the chance that the package may contain contraband.

Moreover, plaintiff had an alternative means of obtaining the book in question: he could have purchased it from one of the approved book vendors. The policy did not prohibit plaintiff from obtaining the book in question, nor did it seek to prevent plaintiff from having access to its contents. Instead, the policy merely regulated the manner in which plaintiff could obtain the book.

While the prison may also have alternative means of serving its interests, it is unlikely that any alternatives would impose a lighter burden on the inmates' constitutional rights than the approved vendor rule. This policy allows prison officials to easily keep track of the items coming into the institution. Without a list of approved and trusted vendors, packages sent to inmates would be suspect. The factors outlined in Turney lead the Court to the conclusion that the approved vendor policy does not violate plaintiff's right to free speech under the First Amendment.

The plaintiff contends that the policy's requirement that inmates pay for merchandise from their prison accounts items received is also unconstitutional. However, because the book came from an unapproved vendor, plaintiff was not entitled to receive it regardless of who paid for it. Thus, plaintiff's argument on this point is irrelevant.

Finally, deposition testimony reveals that plaintiff has been transferred to the Algoa Correctional Center; plaintiff does not assert that the same policies are in place there. "[A]n inmate's claims for declaratory and injunctive relief to improve prison

conditions [are] moot when he [is] transferred to another facility and...no longer subject to those conditions." Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999). Thus, plaintiff's requests for declaratory and injunctive relief are moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#26] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's cross-motion for summary judgment [#30] is **denied**.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 27th day of August, 2007.